USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/14/2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :    00 CR 237 (VM)
     - against -                    :
                                    :    ORDER
JULIUS WILLIAMS,                    :
                                    :
                 Defendant.         :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

On November 26, 2002, the Court sentenced defendant Julius Williams ("Williams") to a total term of imprisonment of 600 months, followed by six years' supervised release. (See Dkt. No. 381.) Williams is serving his sentence at FCC Allenwood.

By letter dated April 20, 2020, Williams requested immediate compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). (See Attached Letter.) Williams contends that he is at high risk of contracting COVID-19 and, if he does, suffering serious illness and death. Williams notes that he has high blood pressure, diabetes, and high cholesterol and suffers from a damaged nerve in his right eye. Williams asks that he be placed on home confinement to reduce his risk of contracting COVID-19. Williams does not specify whether he has submitted any written request to the warden of FCC Allenwood.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." See Section 3582. However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See id. Section 571.61 of Title 28 of the Code of Federal Regulations sets forth how an inmate must submit a request under Section 3582 to the BOP.

Other courts in this district have waived the exhaustion requirements of Section 3582. See, e.g., United States v. Scparta, 19 Cr. 578, 2020 WL 1910481, at *8 (S.D.N.Y. Apr. 20, 2020). This Court, however, is not persuaded that it can waive Section 3582's exhaustion requirements. As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Any argument that it would be futile for Williams to exhaust his administrative remedies is unavailing, given that the statute contains an express

2

futility provision, permitting him to seek judicial relief if the BOP does not act on his request within thirty days. See Section 3582; see also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) ("[C]ourts are required to strictly enforce statutory exhaustion requirements."). Although, as other courts in this District have noted, it is not yet clear under Second Circuit law whether the exhaustion requirement is jurisdictional or simply a statutory requirement, see United States v. Monzon, No. 99 CR 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020), it makes no difference here. The Court must deny the request.

The Court is entirely sympathetic to the plight of Williams and other inmates in his position. The Court encourages Williams to submit a request to the warden of FCC Allenwood. If the warden denies his request, he must appeal to the appropriate BOP Regional Director and, if that appeal fails, to the BOP General Counsel before renewing his Motion. See 28 C.F.R. §§ 571.63(a), 542.15(a). Alternatively, if the BOP takes no action within 30 days after receiving Williams's request, he may renew his Motion before this Court. See Section 3582.

Accordingly, it is hereby

**ORDERED** that the defendant's Motion is **DENIED**. Defendant may renew his request upon compliance with the terms of the statute. The Clerk of Court is directed to mail this order to Defendant.

**SO ORDERED.**

Dated:  New York, New York
        13 May 2020

Victor Marrero
U.S.D.J.

Dear: Judge Victor Marrero
From: Julius Williams

Date 4-20-2020

Sir I write this letter to you requesting "compassionate" release and put on home confinement due to the corona virus, I'M at a high risk in prison of catching it, and dying.

I'M on a number of medications due to different illnesses. High Blood pressure (Amlodipine 5mg) (Lisinopril 40mg) (Metoprolol Tartrate 50mg)

I'M diabetic taking (Metformin HCI 500mg) I'M also on medication for High Cholesterol (Atorvastatin 10 mg)

I'm also suffering from a damaged nerve in my right eye that give me double vision and blurr vision etc.

Your Honor I have been incarcerated since (7-10-1998) and I have truly learned from my mistakes and I can honestly say that I have become a better person and I believe my behavior since I been incarcerated will show that, My prison programming received my "GED" serval diploma's from college etc. and I'M remorseful.

Thank you for your time



INMATE NAME/NUMBER: Julius Williams #83048-054
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD Medium
P.O. BOX 2000
WHITE DEER, PA 17887

APR 0 1 2020

"Legal Mail"

⇔83048-054⇔
Hon Victor Marrero
40 Centre ST
United States Dist. Judge
NEW YORK, NY 10007
United States

10007-150299