USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/20

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA             :
                                     :   00 CR 237 (VM)
     - against -                     :
                                     :   ORDER
JULIUS WILLIAMS,                     :
                                     :
               Defendant.            :
-------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

On November 26, 2002, the Court sentenced defendant Julius Williams ("Williams") to a total term of imprisonment of 600 months, followed by six years' supervised release. (See Dkt. No. 381.) Williams is serving his sentence at FCC Allenwood.

By letter received by the Court on August 11, 2020, Williams requested immediate compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). (See "Motion," Dkt. No. 651.) Williams contends that he is at high risk of contracting COVID-19 and, if he does, suffering serious illness and death. Williams's medical records reflect that he has diabetes, high blood pressure, high cholesterol, a skin condition, and vision issues. Williams also mentions that his mother is suffering from cancer and is near death. Williams submitted requests for compassionate release to the Warden of FCC Allenwood, which the Warden denied on June 19, 2020 and July 1, 2020. Williams's submission indicates that,

on July 7, 2020, Williams mailed an appeal of the Warden's decision to the Regional Director of the Bureau of Prisons ("BOP"), which the Regional Director received on July 17, 2020.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." See Section 3582. However, a court may do so only upon motion of the Director of the BOP or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See id.

Sections 571.61 of Title 28 of the Code of Federal Regulations sets forth how an inmate must submit a request under Section 3582 to the BOP. A denial by a warden must be appealed to the appropriate BOP Regional Director through the Administrative Remedy Procedure set forth in 28 C.F.R. part 542, subpart B. See 28 C.F.R. § 571.63. If the Regional Director denies the request, the inmate may appeal to the General Counsel of the BOP. See 28 C.F.R. § 542.15(a); see

United States v. Seng, No. 15 CR 706, 2020 WL 2301202, at *7 & n.13 (S.D.N.Y. May 8, 2020). A Regional Director's failure to respond within three days to a request "of an emergency nature which threatens the inmate's immediate health or welfare" or otherwise within 30 calendar days is deemed a denial by the Regional Director. 28 C.F.R. § 542.18; see Seng, 2020 WL 2301202, at *7.

Williams has not satisfied the exhaustion requirement. He submitted a request to the Warden and appealed the Warden's denial to the appropriate BOP Regional Director. Even assuming the Regional Director's failure to respond within three days may be deemed a denial in this instance, Williams failed to appeal that denial to the General Counsel before submitting his request to this Court.

Other courts in this district have waived the exhaustion requirements of Section 3582. See, e.g., United States v. Scparta, 19 Cr. 578, 2020 WL 1910481, at *8 (S.D.N.Y. Apr. 20, 2020). This Court, however, is not persuaded that it can waive Section 3582's exhaustion requirements. (See Order dated May 14, 2020, Dkt. No. 640.)

But, even if Williams had satisfied the exhaustion requirement, the Court would nonetheless deny the request. To order a reduction in sentence under the compassionate release statute, the Court must find that "extraordinary and

3

compelling reasons warrant such a reduction" and must consider the factors in 18 U.S.C. Section 3553(a). See 18 U.S.C. §§ 3582(c)(1)(A); 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist, including, but not limited to, serious medical conditions such as "a terminal illness" or "end-stage organ disease." Section 1B1.13 Application Note 1(A)(i). "Terminal illness" is defined as "a serious and advanced illness with an end of life trajectory" such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S.S.G. § 1b1.13, Application Note 1(A)(i). Additionally, "[f]amily [c]ircumstances" may constitute an "extraordinary and compelling reason" if the caregiver of the defendant's minor child dies or becomes incapacitated or if the defendant is the only available caregiver of an incapacitated spouse or registered partner. See U.S.S.G. § 1b1.13, Application Note 1(C).

The Court is not persuaded that Williams has demonstrated the extraordinary and compelling reasons that warrant a sentence reduction at this time. Williams is not terminally ill, and he does not contend that FCC Allenwood is unable to manage his conditions. The Court observes that, as

4

of the date of this Order, the BOP reports that it has administered over one hundred COVID-19 tests to inmates at Allenwood Medium FCI, where Williams is housed, that no inmates and only two staff members at the facility currently test positive, and that no inmates and only one staff member previously tested positive.[1]

This and other courts have denied compassionate release motions based on a determination that similarly serious medical conditions, even in the midst of the COVID-19 pandemic, do not constitute extraordinary and compelling reasons warranting a sentence reduction. See e.g., United States v. Garcia, No. 18 CR 802-04, 2020 WL 2468091, at *5-6 (S.D.N.Y. May 13, 2020) (denying compassionate release to 62-year-old individual with asthma, high blood pressure, high cholesterol, diminished lung capacity, and a clogged artery despite 40 documented cases of COVID-19 at the facility where he was housed); United States v. Brady, No. 18 CR 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (acknowledging serious nature of medical conditions but denying compassionate release where conditions were stable and

---

[1] See https://www.bop.gov/coronavirus/.

managed in a BOP facility although four percent of the inmates and staff at the facility tested positive for COVID-19).

Nor does the condition of Williams's mother constitute the type of family circumstance that warrants a sentence reduction. See U.S.S.G. § 1b1.13, Application Note 1(C). Rather, the furlough statute, 18 U.S.C. Section 3622 ("Section 3622"), authorizes the BOP, under certain conditions, to permit an inmate to "visit a designated place for a period not to exceed thirty days, and then return to the same or another facility" for various enumerated purposes, including "visiting a relative who is dying" or "establishing or reestablishing family or community ties." 18 U.S.C. § 3622(a). While the furlough statute may provide a means for a defendant to visit a terminally ill relative, "the decision of whether to grant [Williams] a furlough under Section 3622 is committed to the sole discretion of the BOP." United States v. Roberts, No. 18 CR 528, 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020). If Williams wishes to request temporary release under Section 3622, he must submit his request to the BOP.

6

Accordingly, it is hereby

**ORDERED** that the defendant's Motion (Dkt. No. 651) is **DENIED**. The Clerk of Court is directed to mail this order to Defendant.

**SO ORDERED.**

Dated: New York, New York
14 August 2020

_____
Victor Marrero
U.S.D.J.