USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA             :
                                     :     00 CR 237-03 (VM)
     - against -                     :
                                     :
JULIUS WILLIAMS,                     :     DECISION AND ORDER
                                     :
                Defendant.           :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Defendant Julius Williams ("Williams") moves for reconsideration of the Court's denial of his motion for reduction of sentence pursuant to 18 U.S.C. Section 3582(c)(2) ("Section 3582") (the "Reconsideration Motion," Dkt. No. 630). For the reasons stated below, the Court now denies Williams's Reconsideration Motion.

## I. BACKGROUND

### A. THE SENTENCING

On March 8, 2002, a jury found Williams guilty of one count of racketeering, in violation of 18 U.S.C. Section 1962(c) ("Count One"), one count of racketeering conspiracy, in violation of 18 U.S.C. Section 1962(d) ("Count Two"), and one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. Sections 812, 841(a), and 841(b)(1)(A) ("Count Three"). The Court set aside the jury's verdict on Count One on August 13, 2002.

1

On November 26, 2002, the Court sentenced Williams to a total term of imprisonment of 50 years. (Dkt. No. 381.) Pursuant to Section 3D1.2(c) and (d) of the United States Sentencing Guidelines (the "Guidelines"), the Court grouped Counts Two and Three to calculate the applicable offense level. (See "Sentencing Transcript," Dkt. No. 634, Ex. A, at 50-51.) The Court selected a base offense level of 32, the offense level for conspiring to distribute at least 50 grams of crack cocaine under Section 2D1.1(a)(3) of the Guidelines. The Court then added three points for Williams's role as a manager and supervisor of the conspiracy and two points for possession of a dangerous weapon based on Guidelines Sections 3B1.1(b) and 2D1.1(b)(1), respectively. The Court calculated Williams's total offense level as 37.

The Court found that, "in the alternative," the record provided a "sufficient basis to calculate Mr. Williams's offense level under the United States Sentencing Guidelines Section 2D1.1(d)(1), which would hold Mr. Williams accountable for the murder of Alan McLeod during the course of participating in the conspiracy to distribute crack cocaine, the charge on which the jury was unable to reach decision." (Id. at 52.) The Court explained that "the murder cross-reference under U.S. Sentencing Guidelines Section

2D1.1(d)(1) . . . leads to the adoption of an offense level of 43 . . . ." (Id. at 54.)

With regard to Williams's criminal history category, the Court determined that Williams qualified as a "career offender" pursuant to Section 4B1.1 of the Guidelines and, accordingly, found the applicable criminal history category to be Category VI.

The Court determined that, under the Guidelines, the sentencing range for an offense level of 37 and criminal history category of VI was 360 months to life. (Id. at 54.) The Court found that "[t]his range would not change significantly if the offense level of 43 was adopted." (Id. at 55.) The Court explained:

> The sentencing range in that case would be life imprisonment. However, the statutory guidelines for each count provide for a maximum term of imprisonment of 20 years under the racketeering charge pursuant to 18 U.S.C. Sections 1962 and 1963(a), and 30 years under the conspiracy to distribute crack cocaine charge, pursuant to 21 U.S.C. Section 841(b)(1)(C) . . . consistent with the Second Circuit's jurisprudence, most recently articulated in United States v. Blount, 291 F.3d 201, directing sentencing courts to use 21 U.S.C. 841(b)(1)(C) when a jury convicts a person under 21 U.S.C. [Section] 841(a) with respect to an unspecified quantity of drugs.

(Id. at 55.)

Pursuant to Section 5G1.2(D)[1] of the Guidelines, and because "the applicable sentencing range under the guidelines [was] higher than the statutory maximum of one of the counts of conviction," the Court imposed the statutory maximum terms of imprisonment on each count -- 20 years for Count Two and 30 years for Count Three -- to run consecutively, resulting in a total term of imprisonment of 50 years. (Id. at 55-56.) The Court also sentenced Williams to 6 years' supervised release and a mandatory $200 special assessment.

Williams appealed. With regard to the Court's judgment imposing a sentence, the Second Circuit affirmed in part and remanded for further proceedings consistent with United States v. Booker, 543 U.S. 220 (2005). United States v. Santiago, 126 F. App'x 21, 23-24 (2d Cir. 2005). On remand, this Court rejected Williams's arguments for resentencing and upheld its prior sentence, and the Second Circuit affirmed. See United States v. Santiago, 413 F. Supp. 2d 307, 312-14 (S.D.N.Y. 2006), aff'd sub nom. United States v. Williams, 216 F. App'x 67 (2d Cir. 2007), cert. denied, 550 U.S. 978 (2007).

---

[1] Section 5G1.2 provides that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."

4

B.   <u>2014 AMENDMENTS TO THE GUIDELINES</u>

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") adopted Amendment 782, which modified Section 2D1.1 ("Section 2D1.1") of the Guidelines to lower the sentencing range for certain categories of drug-related offenses. The Sentencing Commission then adopted Amendment 788, also effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date.

C.   <u>THE JUNE 3, 2016 DECISION</u>

Williams moved for a sentence reduction pursuant to Amendments 782 and 788, and this Court denied that motion on June 3, 2016. <u>United States v. Williams</u>, 190 F. Supp. 3d 359 (S.D.N.Y. 2016). The Court determined that Williams was eligible for a sentence reduction, and that, under the amended Guidelines, Williams's offense level would be reduced from 37 to 35. The Court then found that, with a criminal history category of VI, an offense level of 35 results in a Guidelines range of 292 to 365 months' imprisonment. Nonetheless, the Court held that a sentence reduction was not warranted in consideration of the factors listed in 18 U.S.C. Section 3553 ("Section 3553"). <u>Id.</u> at 364-65.

D.   THE MOTION FOR RECONSIDERATION

By letter dated August 2, 2019, Williams asked the Court to appoint counsel to assist him with filing a motion for a sentence reduction under the First Step Act of 2018. (Dkt. No. 623.) The Court solicited the view of the United States Probation Office ("Probation") on whether Williams was eligible for relief. On February 11, 2019, Probation issued a Supplemental Presentence Investigation Report, which concluded that Williams was ineligible for resentencing under the First Step Act of 2018. (See Dkt. No. 624.)

The Court subsequently directed the Federal Defenders of New York (the "Federal Defenders") to review Probation's determination and submit its response on the matter. (See id.) In response to the Court's directive, the Federal Defenders submitted the Reconsideration Motion on Williams's behalf. While recognizing that the Court had solicited the Federal Defenders' views regarding Williams's eligibility for a sentence reduction under the First Step Act of 2018, counsel did not argue that Williams is eligible for a sentence reduction under the First Step Act of 2018 in its motion.[2]

Instead, defense counsel asked the Court to reconsider its June 3, 2016 decision, noting that Williams filed the

---

[2] In the Reconsideration Motion, defense counsel offered to provide briefing on Williams's eligibility for a sentence reduction under the First Step Act of 2018 if the Court requested such briefing.

6

motion at issue in that decision *pro se*. Counsel argues that, in the June 3, 2016 decision, the Court incorrectly determined that the 2014 amendments to the Guidelines reduced Williams's total offense level to 35. Counsel submits that, under Section 2D1.1(c)(8) of the amended Guidelines, the base offense level has been reduced from 32 to 24. Adding the three-point enhancement the Court originally applied for Williams's role as manager of the conspiracy and the additional two-point enhancement the Court applied for Williams's possession of a dangerous weapon, counsel maintains that the total offense level should be 29, not 35. An offense level of 29 and a criminal history category of VI yield a sentencing range of 151 to 188 months' imprisonment under the Guidelines. Counsel points out that this range is substantially lower than the range of 292 to 365 months calculated by the Court in its June 3, 2016 decision. Counsel asserts that the Court may reduce Williams's sentence on Count Three from 360 months to 151 months, which would result in a total term of imprisonment of 391 months.

Defense counsel further argues that, taking into account facts not considered by the Court in its June 3, 2016 decision, the Section 3553 factors counsel in favor of a sentence reduction. First, counsel points out that Williams submitted a letter dated August 8, 2018 expressing remorse

7

for his actions. Second, defense counsel observes that Williams has participated in numerous educational and vocational programs, received positive reviews from the personnel administering those programs, earned his GED, completed drug treatment programs, and satisfied his financial obligations to the Court. Defense counsel argues that, taking into account all the Section 3553 factors, a total sentence of 391 months' imprisonment is appropriate.

By letter dated October 31, 2019 (Dkt. No. 634), the Government responded to the Reconsideration Motion. The Government argues that Williams is not eligible for a sentence reduction because the relevant amendments do not yield a different sentencing range. The Government explains that, although the amendments reduce Williams's base offense level for possessing 50 grams of cocaine to 24, the amendments –– had they been in effect when the Court sentenced Williams –– would not have led the Court to adopt a Guidelines range of 151 to 188 months. The Government submits that the Court would have calculated the Guidelines range based on the murder cross-reference provision in Guidelines Section 2D1.1(d)(1), which would have resulted in an offense level of 43 and a Guidelines range of life. Finally, the Government argues that, even if the Court deems Williams eligible for a sentence

reduction, a reduction is not warranted in light of the violent nature of Williams's offenses.

## II. LEGAL STANDARD

A. RECONSIDERATION

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. Rutigliano, No. 11 CR 1091, 2016 WL 2727317, at *2 (S.D.N.Y. Apr. 26, 2016) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). To succeed, the request for reconsideration must "set[] forth concisely the matters or controlling decisions which [the movant] believes the Court has overlooked." Local Crim. R. 49.1.

B. SECTION 3582(c)(2)

Under Section 3582(c)(2), when a defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the Sentencing Commission, the Court may act upon motion of the defendant or the Director of the United States Bureau of Prisons ("BOP"), or upon its own motion, to reduce the defendant's term of imprisonment. A court may grant a sentence reduction only after considering the factors set forth in Section 3553(a) and upon a finding that such a reduction is consistent with

9

applicable policy statements issued by the Sentencing Commission. Section 3582(c)(2).

Under Dillon v. United States, 560 U.S. 817, 827 (2010), the Court must first decide whether a defendant is eligible for a sentence modification and then determine the "extent of the reduction authorized." In reviewing eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). As a threshold matter, for a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing.

With regard to the extent of the reduction authorized, Section 1B1.10(b)(2)(A) of the Guidelines provides that "the [C]ourt shall not reduce the defendant's term of imprisonment under [Section] 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." The only exception to this rule applies if the defendant was sentenced to a term of imprisonment below the Sentencing Guidelines range pursuant to a government motion "to reflect the defendant's substantial assistance to authorities," in which case the Court is authorized to grant a reduction comparably less than the amended Guidelines

10

range. U.S.S.G. § 1B1.10(b)(2)(B). However, in the absence of a sentencing departure based on substantial assistance, the Court is not permitted to "re-impos[e] departures or variances imposed at a defendant's original sentencing hearing." United States v. Erskine, 717 F.3d 131, 137 (2d Cir. 2013). Furthermore, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

If the defendant is eligible for a sentence reduction, the Court proceeds to the second step of the Dillon analysis. At that point, the Court must decide -- in light of the Section 3553(a) factors -- whether to grant a reduction. See Dillon, 560 U.S. at 827. Under Section 3553(a), the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." Section 3553(a); see also U.S.S.G. § 1B1.10, application note 1(B)(ii). The Court may also consider a defendant's post-sentencing conduct in determining whether a reduction is warranted. U.S.S.G. § 1B1.10, application note 1(B)(iii).

### III. DISCUSSION

In its June 3, 2016 decision, this Court concluded that Williams was eligible for a sentence reduction under Section

11

3582(c)(2) "because his sentence was at least partially 'based on' a range that has subsequently been lowered." Williams, 190 F. Supp. 3d at 364 (citations omitted). That decision was, however, made without the benefit of full briefing by the parties. The parties have now thoroughly explored the issue in their submissions. Based on a review the parties' submission, the record, and the applicable law, the Court now holds that Williams is not eligible for a sentence reduction.

As the Government explains in its brief, "the sentencing range that must have been changed to permit relief under [Section] 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence." United States v. Jarvis, 883 F.3d 18, 21 (2d Cir. 2018) (quotations and citations omitted). For example, in United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996), the Tenth Circuit held that a district court did not abuse its discretion when it denied a Section 3582 motion because, even if an amendment affected the original offense level calculation, the Guidelines offered an alternative means of arriving at the original offense level.

As discussed above, the Court, when sentencing Williams, found that the record provided a "sufficient basis to

calculate Mr. Williams's offense level" under the murder cross-reference provision in Guidelines Section 2D1.1(d)(1), which "leads to the adoption of an offense level of 43, the maximum offense level allowed by the sentencing guidelines." (Sentencing Tr. 52, 54.) Although the Court formally adopted a Guidelines range based on an offense level of 37, the Court explained that an offense level of 43 "would not change significantly" the available sentence in light of the applicable statutory maximum terms of imprisonment. (Id. at 55.) That is, the Court determined that Section 2D1.1(d)(1) provided an alternate basis for the imposition of the sentence.

Because Section 2D1.1(d) provided an alternate basis for the imposition of the sentence, the amended Guidelines do not result in lowering Williams's sentencing range. Put another way, if the Court's choice had been between -- on the one hand -- a Guidelines range of 155 to 188 months based on a base offense level of 24 and -- on the other hand -- a Guidelines range of life based on the murder cross-reference provision in Section 2D1.1(d)(1), the Court is persuaded that it would still have calculated the Guidelines range based on the murder cross-reference provision of Section 2D1.1(d)(1).

Accordingly, the Court holds that it lacks discretion to reduce Williams's sentence under Section 3582(c)(2). See U.S.S.G. Section 1B1.10(a)(2)(B).

Because the Court concludes that it lacks discretion to reduce William's sentence, it need not consider the factors set forth in Section 3553(a). See Dillon, 560 U.S. at 827. However, the Court notes that it previously stated, in the June 3, 2016 decision, that "nothing in the record indicated that Williams showed any remorse for his crimes." Williams, 190 F. Supp. 3d at 365. The Court recognizes that Williams has since expressed remorse for his actions. And, with the benefit of the more comprehensive record now before the Court, the Court also acknowledges the steps Williams has taken to rehabilitate himself. He has obtained his GED, participated in over 40 educational and vocational programs, and completed drug treatment programs. BOP personnel, including the Acting Chief Psychologist of the U.S. Penitentiary, Lewisburg, have praised the personal traits, commitment, and skills that Williams has demonstrated during his participation in such programs. He worked as a kitchen cook and participated in the Suicide Watch Program at Lewisburg, and, as of 2019, he worked in the Education Department at the Federal Correctional Complex, Allenwood. Williams's efforts are commendable and

14

indicate that he is investing his time and energy in furtherance of his rehabilitation.

But the Court cannot reduce a sentence based on rehabilitation alone under either Section 3582(c)(2) or Section 3582(c)(1)(A). A court may reduce a defendant's sentence under Section 3582(c)(1)(A) based on a defendant's post-sentencing conduct only if his conduct, alone or in combination with other considerations, provides an "extraordinary and compelling reason[] warrant[ing] such a reduction." Section 3582(c)(1)(A). Additionally, where the Director of the BOP has not moved for a sentence reduction on the defendant's behalf, Section 3582(c)(1)(A) permits courts to reduce a defendant's sentence only if the defendant has satisfied the statute's exhaustion requirement. (See Order dated May 13, 2020, Dkt. No. 640, at 3 (describing how a defendant may satisfy Section 3582(c)(1)(A)'s exhaustion requirement).)

28 U.S.C. Section 994(t) provides that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" warranting a reduction within the meaning of Section 3582(c)(1)(A).[3] Given its

---

[3] In combination with other considerations, however, rehabilitation may provide an extraordinary and compelling reason. See United States v. Millan, No. 91 CR 685, 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020) ("Legislators' use of the modifier 'alone' evidences that they believed that rehabilitation is relevant to the question of whether a sentence

15

ordinary meaning, the term "rehabilitation" in 28 U.S.C. Section 994(t) refers to "a change in a defendant's circumstances that leads to a return to society with no further criminal activity." Id. A clean disciplinary history, participation in educational programs, and employment evince rehabilitation. See, e.g., United States v. Thaher, No. 17 CR 302, 2020 WL 3051334, at *4 (S.D.N.Y. June 8, 2020). Courts lack discretion to reduce a sentence based solely on a record of such conduct. See id.; 28 U.S.C. § 994(t).

Occasionally, a defendant's post-sentencing conduct may "exceed the bounds of . . . 'rehabilitation.'" United States v. Torres, No. 87 CR 593, 2020 WL 2815003, at *10 (S.D.N.Y. June 1, 2020). The defendants in Torres, for example, "established a decades-long record of meaningful community service, a record that would be notable even outside the federal prison system." Id. at *11. They actively participated in a BOP program designed to deter high-risk youth from crime, they unofficially mentored younger inmates, and they held leadership roles in the prison's religious congregation. Upon release, they planned to start a non-profit that would develop programs through which ex-convicts could demonstrate the consequences of their bad decisions to

---

should be reduced and that rehabilitation, when considered together with other equitable factors, could constitute 'extraordinary and compelling reasons' for a sentence reduction.")

youth. Id. at *9-10. The court held that the defendants' contributions to their community were "extraordinary and compelling." Id. at *11 (quotations omitted)[4]; see also United States v. Millan, No. 91 CR 685, 2020 WL 1674058, at *12-15 (S.D.N.Y. Apr. 6, 2020) (describing a defendant's community service as a consideration separate from his rehabilitation which warranted a sentence reduction).

Based on the current record, the Court is not persuaded that Williams's post-sentencing conduct provides an "extraordinary and compelling" reason for a sentence reduction. Section 3582(c)(1)(A). The information in the record speaks to Williams's rehabilitation, suggesting he may return to society without committing further crimes. It does not, however, demonstrate long-standing and exceptional commitment to community service likely to continue if Williams were released. Even if the record evinced such an extraordinary commitment to service, however, the Court cannot reduce Williams's sentence under Section 3582(c)(1)(A) because he has not exhausted all administrative remedies.

---

[4] While the court also held that COVID provided an extraordinary and compelling reason for a sentence reduction, it explained that the defendants "would likely merit a sentence reduction under normal circumstances." Id.

17

## IV. ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the request of defendant Julius Williams for reconsideration of the Court's order dated June 3, 2016 denying his motion for reduction of sentence pursuant to 18 U.S.C. Section 3582(c)(2) (Dkt. No. 630) is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
      3 September 2020

_____
Victor Marrero
U.S.D.J.