USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/10/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
                                   :       00 CR 237(VM)
         -against-                 :    DECISION AND ORDER
                                   :
JULIUS WILLIAMS,                   :
                                   :
              Defendant.           :
-----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

Defendant Julius Williams ("Williams") moves for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. (See "Motion," Dkt. No. 675.) Having reviewed the Defendant's submission, the Court DENIES the Motion.

### I.   BACKGROUND

A.   CONVICTION AND SENTENCING

On March 8, 2002, a jury found Williams guilty of one count of racketeering, in violation of 18 U.S.C. § 1962(c) ("Count One"); one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) ("Count Two"); and one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A) ("Count Three"). The Court set aside the jury's verdict on Count One on August 13, 2002.

On November 26, 2002, the Court sentenced Williams to a total term of fifty years' imprisonment. (Dkt. No. 381.)

1

Pursuant to Section 3D1.2(c) and (d) of the United States Sentencing Guidelines (the "Guidelines"), the Court grouped Counts Two and Three to calculate the applicable offense level. (See Sentencing Tr., Dkt. No. 634, Ex. A at 50-51.) The Court selected a base offense level of 32, the offense level for conspiring to distribute at least fifty grams of crack cocaine under Section 2D1.1(a)(3) of the Guidelines. The Court then added three points for Williams's role as a manager and supervisor of the conspiracy and two points for possession of a dangerous weapon based on Guidelines Sections 3B1.1(b) and 2D1.1(b)(1), respectively. The Court calculated Williams's total offense level as 37.

The Court found that, "in the alternative," the record provided a "sufficient basis to calculate Mr. Williams's offense level under the United States Sentencing Guidelines Section 2D1.1(d)(1), which would hold Mr. Williams accountable for the murder of Alan McLeod during the course of participating in the conspiracy to distribute crack cocaine, the charge on which the jury was unable to reach decision." (Id. at 52.) The Court explained that "the murder cross-reference under U.S. Sentencing Guidelines Section 2D1.1(d)(1) . . . leads to the adoption of an offense level of 43 . . . ." (Id. at 54.)

2

With regard to Williams's criminal history category, the Court determined that Williams qualified as a Career Offender pursuant to Section 4B1.1 of the Guidelines and accordingly, found the applicable criminal history category to be Category VI. The Court determined that under the Guidelines, the sentencing range for an offense level of 37 and criminal history category of VI was 360 months to life. (Id. at 54.)

The Court found that "[t]his range would not change significantly if the offense level of 43 was adopted." (Id. at 55.) The Court explained:

> The sentencing range in that case would be life imprisonment. However, the statutory guidelines for each count provide for a maximum term of imprisonment of 20 years under the racketeering charge pursuant to 18 U.S.C. Sections 1962 and 1963(a), and 30 years under the conspiracy to distribute crack cocaine charge, pursuant to 21 U.S.C. Section 841(b)(1)(C) . . . consistent with the Second Circuit's jurisprudence, most recently articulated in United States v. Blount, 291 F.3d 201, directing sentencing courts to use 21 U.S.C. 841(b)(1)(C) when a jury convicts a person under 21 U.S.C. [Section] 841(a) with respect to an unspecified quantity of drugs.

(Id. at 55.)

Pursuant to Section 5G1.2(D)1 of the Guidelines, and because "the applicable sentencing range under the guidelines [was] higher than the statutory maximum of one of the counts of conviction," the Court imposed the statutory maximum terms of imprisonment on each count -- twenty years for Count Two and thirty years for Count Three -- to run consecutively,

3

resulting in a total term of imprisonment of fifty years. (Id. at 55-56.) The Court also sentenced Williams to six years' supervised release and a mandatory $200 special assessment.

B. PRIOR MOTIONS FOR SENTENCE REDUCTION

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") adopted Amendment 782, which modified Section 2D1.1 of the Guidelines ("Section 2D1.1") to lower the sentencing range for certain categories of drug-related offenses. The Sentencing Commission then adopted Amendment 788, also effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date. Williams moved for a sentence reduction pursuant to Amendments 782 and 788, and the Court denied that motion on June 3, 2016. United States v. Williams ("Williams I"), 190 F. Supp. 3d 359 (S.D.N.Y. 2016).

The Court determined at that time that Williams was eligible for a sentence reduction, and that, under the amended Guidelines, Williams's offense level would be reduced from 37 to 35. The Court then found that a criminal history category of VI and an offense level of 35 together result in a Guidelines range of 292 to 365 months' imprisonment. Nonetheless, the Court held that a sentence reduction was not

4

warranted in consideration of the factors listed in 18 U.S.C. § 3553. Id. at 364-65.

On October 4, 2019, Williams moved for reconsideration of the Court's 2016 decision, and the Court again denied Williams's motion. On reconsideration, and with the benefit of full briefing, the Court determined that Williams was in fact not eligible for a sentence reduction under Amendments 782 and 788. See United States v. Williams ("Williams II"), No. 00 CR 237, 2020 WL 5253205 (S.D.N.Y. Sept. 3, 2020). Namely, Williams was not eligible for relief because "the sentencing range that must have been changed to permit relief under [Section] 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence." Id. at *5 (quoting United States v. Jarvis, 883 F.3d 18, 21 (2d Cir. 2018)). In Williams's case, Section 2D1.1(d) -- the murder cross-reference provision – provided an alternate basis for the length of the sentence imposed, and accordingly the Amendments did not result in lowering Williams's "bottom-line, final [sentencing] range." Id. At that time, the Court noted some modest changes to its Section 3553 analysis but explained that these changes did not compel the Court to reduce Williams's sentence under Section 3582(c)(1)(A). Id. at *5-6.

5

Finally, Williams has twice moved this court for compassionate release under Section 3582(c)(1)(A). (See Dkt Nos. 651, 664.) On May 14, 2020, the Court denied Williams's first motion because he did not satisfy Section 3582(c)(1)(A)'s exhaustion requirement. (See Dkt. No. 640.) On August 14, 2020, the Court again denied Williams's motion for compassionate release because it found that Williams had not demonstrated "extraordinary and compelling" circumstances that would warrant his release. See United States v. Williams ("Williams III"), No. 00 CR 237, 2020 WL 4735353 (S.D.N.Y. Aug. 14, 2020).

## II.   **LEGAL STANDARD**

The penalties for drug offenses are set forth in 21 U.S.C. § 841(b), which provides sentencing ranges that correspond to different drug quantities. To lessen the sentencing disparities between crack cocaine and powder cocaine offenses, Congress changed the quantities of crack cocaine that trigger Section 841(b)'s penalty ranges in the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act amended the statutory sentencing ranges only prospectively, that is, for individuals sentenced on or after the act came into effect. Dorsey v. United States, 567 U.S. 260, 281 (2012). The First Step Act subsequently applied the Fair Sentencing Act's

6

amendments retroactively to individuals sentenced for violations that occurred before August 3, 2010. See First Step Act § 404(b).

Before the Fair Sentencing Act, under Section 841(b)(1)(A), an offense involving fifty grams or more of cocaine base triggered a sentence of at least ten years' imprisonment and up to life imprisonment. Section 2 of the Fair Sentencing Act raised the threshold quantity for that sentencing range to 280 grams.

Likewise, under Section 841(b)(1)(B), an offense involving five grams or more of cocaine base resulted in a sentence of not less than five and not more than forty years' imprisonment before the Fair Sentencing Act. Now, that penalty range applies to offenses involving at least twenty-eight but less than 280 grams of cocaine base.

Under Section 841(b)(1)(C), a sentencing range of up to twenty years' imprisonment applied to offenses involving less than five grams of cocaine base before the Fair Sentencing Act. That sentencing range now applies to offenses involving less than twenty grams of cocaine base.

To be eligible for a sentence reduction under the First Step Act, a defendant must show, first, that he committed a "covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were

modified by section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act § 404(a). Second, the offense must have been committed before August 3, 2010. Id. Third, the defendant must not have previously received a sentence reduction under the Fair Sentencing Act or been denied on the merits of a motion for a sentence reduction under Section 404 of the First Step Act. Id. § 404(c).

If a defendant meets these three requirements, the Court may, in its discretion, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Id. § 404(b) (citation omitted). The First Step Act does not, however, require the Court to reduce the sentence of a defendant who is eligible for relief. See United States v. Thomas, 19 CR 3071, 2020 WL 5523527, at *2 (2d Cir. Sept. 15, 2020).

Courts must evaluate First Step Act motions under 18 U.S.C. § 3582(c)(1)(B), which authorizes courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." United States v. Holloway, 956 F.3d 660, 666 (2d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(B)). Unlike reductions made pursuant to 18 U.S.C. § 3582(c)(2), reductions under Section 3582(c)(1)(B) need not comport with any Sentencing Commission policy statements. Id.

A district court "considering whether to impose a reduced sentence under the First Step Act . . . retains the same discretion under United States v. Booker, 543 U.S. 220 (2005), to vary from the advisory Guidelines that it would have had at the time of the defendant's sentencing." United States v. Moore, 19 CR 1390, 2020 WL 5523205, at *6 n.36 (2d Cir. Sept. 15, 2020).

When "determining whether and to what extent to exercise its discretion under the First Step Act to reduce an eligible defendant's sentence, a district court is not obligated to recalculate the defendant's Guidelines range except to reflect changes that flow from the Fair Sentencing Act . . . ." Moore, 2020 WL 5523205, at *1. The Court also need not conduct "a plenary resentencing." Id. at *6.

### III. DISCUSSION

As the Court detailed in its October 19, 2020 Order as to Williams's codefendant, Adrian Agostini, there is some dispute as to whether Williams is eligible for a sentence reduction under Section 404 of the First Step Act. See United States v. Agostini, No. 00 CR 237, 2020 WL 6136199 (S.D.N.Y. Oct. 19, 2020). Specifically, there is currently no consensus regarding whether the First Step Act modified the penalties for the statue under which Williams was sentenced: Section 841(b)(1)(c).

The Second Circuit "has not yet ruled on whether a crack cocaine conviction whose statutory penalty is not provided by Section 841(b)(1)(A) or Section 841(b)(1)(B), but instead is provided by Section 841(b)(1)(C), is a 'covered offense' under Section 404 of the First Step Act." United States v. Aller, 00 CR 977, 2020 WL 5494622, at *13 (S.D.N.Y. Sept. 11, 2020). As the Court laid out in its previous Order as to Agostini, district and circuit courts alike are divided as to the proper interpretation. See Agostini, 2020 WL 6136199, at *3.[1]

However, the Court need not resolve the "covered offense" question at this time. Even assuming Williams is eligible for a sentence reduction and that any recalculation would produce a new, lower Guidelines range,[2] consideration of the Section 3553(a) factors weighs against granting a reduction.

At the outset, the Court notes that Williams does not provide any argument as to the Section 3553(a) factors in his

---

[1] The Court notes that this question will likely be resolved in due course. The Supreme Court recently agreed to review an Eleventh Circuit decision which held that Section 841(b)(1)(C) was not a "covered offense" under the First Step Act. See United States v. Terry, 828 F. App'x 563 (11th Cir. Sept. 22, 2020), cert. granted, No. 20-5904, 2021 WL 77246 (U.S. Jan. 8, 2021).

[2] No such Guidelines recalculation has yet been performed, as the Probation Office has determined that Williams is ineligible for a reduction under the First Step Act, given he was sentenced under Section 841(b)(1)(C). And, because Williams is subject to sentencing under the murder cross-reference provision, it is unclear that any reduced guideline range as to the drug offense would impact his bottom-line guidelines range. See Williams II, at *5.

10

Motion and instead asks the Court to order a hearing where he would address "all the relevant statutory sentencing factors." (See Motion at 8.) The Court is not required to hold such a hearing and declines to do so here.

The Court has previously addressed the Section 3553(a) factors with respect to Williams. See Williams II, 2020 WL 5253205; Williams I, 190 F. Supp. 3d 359. In 2016, with respect to the first factor -- the "nature and circumstances of the offense," 18 U.S.C. 3553(a)(1) -- the Court explained that in addition to his high-level role in the crack-cocaine distribution conspiracy, Williams had engaged in particularly violent and dangerous conduct, including the intentional and premeditated murder of Alan McLeod and twice wounding another individual with a gun. Williams I, 190 F. Supp. 3d at 364. In addition, the Court previously found that under Section 3553(a)(2), "[t]he seriousness of Williams's offense, the egregious nature of his conduct, and the need to deter others and protect the public weigh against granting a reduction." Id. at 365. This analysis has not meaningfully changed.

In 2020, the Court noted one significant update to its original analysis with respect to the 3553(a) factors. Specifically, the Court noted that in the four years since its 2016 Order, Williams had demonstrated some level of remorse for his actions and made a showing of his

11

rehabilitative efforts while incarcerated. Williams II, 2020 WL 5253205, at *5. The Court again commends Williams for taking these steps. But as the Court noted in finding a lack of extraordinary and compelling circumstances under Section 3582(c)(1)(a), Williams's rehabilitative record "does not, however, demonstrate long-standing and exceptional commitment to community service likely to continue if Williams were released." Id. at *6. Thus, in the present context, the Court is not persuaded that Williams's remorse and efforts to better himself meaningfully shift its Section 3553(a) analysis. The Court is therefore persuaded that even if Williams were eligible and would be subject to a Guidelines reduction, a sentence reduction would not be warranted in this case.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendant Julius Williams for a sentence reduction under Section 404 of the First Step Act (Dkt. No. 675) is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
       10 February 2021

_____
Victor Marrero
U.S.D.J.